Filed 11/19/15  P. v. Fischer CA6
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H041884 |
| Plaintiff and Respondent, | (Santa Cruz County Super. Ct. No. F24689) |
| v. | |
| ERIN HOWARD FISCHER, | |
| Defendant and Appellant. | |

Erin Howard Fischer appeals from an order declaring him incompetent and transferring him to Atascadero State Hospital (Atascadero) until his mental competency is restored.  (Pen. Code, § 1370, subd. (a)(1).)  In May 2013, after appellant was stopped by a police officer and found to have weapons in his vehicle and home, the Santa Cruz County District Attorney charged  him with one count of carrying a loaded firearm in a vehicle by a felon, (Pen. Code, § 25850, subd. (c)(1)), and one count of possession of a firearm by an ex-felon (Pen. Code, § 29800, subd. (a)(1)).

While the case was pending, in July 2013, appellant was deemed incompetent and spent nearly one year at Atascadero prior to being deemed restored to competency.  Then again in 2014, appellant's counsel declared a doubt as to appellant's competence, but after an evaluation, appellant was found to be competent.  Appellant then plead no contest to one count of carrying a loaded firearm in a vehicle by a felon (Pen. Code, § 25850, subd. (c)(1)), on the condition that the other count be dismissed.  On

November 12, 2014, the date set for sentencing, the trial court declared a doubt as to appellant's competency. Dr. Gretchen White examined appellant on November 13, 2014, and found him not competent. Dr. White noted that appellant had previously been "floridly delusional" and had been declared incompetent on July 22, 2013 and sent to Atascadero, for treatment. Although she found him improved as a result of his previous stay at Atascadero and his taking of prescribed medication, she found him still "peppered with delusional material familiar from earlier reports." Many of his delusions center around his neighbors causing harm to him and others, including hitting him in the head with a Mag Light, shooting him, covering his girlfriend with hornets causing anaphylactic shock, and raping and killing his girlfriend and roommate.

On December 9, 2014, the parties submitted the issue of competency on Dr. White's report and the court found him incompetent. The matter was set for a placement hearing. On December 19, 2014, the court ordered appellant committed to Atascadero, with a maximum term of 4 years 4 months, with credit for 647 days. Appellant filed a timely notice of appeal, and, subsequently, appellate counsel filed an amended notice of appeal.

On appeal, we appointed counsel to represent appellant in this court. Appointed counsel has filed an opening brief which states the case and the facts but raises no specific issues. (*Conservatorship of Ben C.* (2007) 40 Cal.4th 529, 543-544 (*Ben C.*); *People v. Taylor* (2008) 160 Cal.App.4th 304.) Pursuant to *Ben C.,* on June 15, 2015, we notified appellant of his right to submit written argument in his own behalf within 30 days.

On June 29, 2015, we received a hand-written letter from appellant. In his letter, appellant addresses issues relating to the underlying charges and his prior conviction, but does not address any issues related to the order of commitment which is the subject of the instant appeal. The appellant having failed to raise any issue on appeal, we have no alternative but to dismiss the appeal. (*Ben C.*, *supra*, 40 Cal.4th 529.)

**DISPOSITION**

The appeal is dismissed.

_____
                        RUSHING, P.J.

WE CONCUR:

_____
        PREMO, J.

_____
        ELIA, J.

*People v. Fischer*
**H041884**

4